IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK E. BARRETT,<br><br>    **Plaintiff,**<br><br>v.<br><br>ILLINOIS CENTRAL RAILROAD COMPANY,<br><br>    **Defendant.** | Case No. 3:23-CV-02726-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  Before the Court is a Motion for Vocational Rehabilitation Interview filed by Defendant Illinois Central Railroad Company. (Doc. 41). Illinois Central argues that good cause exists to require Plaintiff Mark E. Barrett to submit to a vocational rehabilitation interview pursuant to Federal Rule of Civil Procedure 35 because Plaintiff Barrett has put his "physical condition, ability to work, and ability to obtain other employment at issue" and because he has obtained his own rehabilitation expert. (Doc. 41, p. 1). Plaintiff Barrett opposes the Motion because he was already examined by a physician selected by Illinois Central, had a return-to-work physical for Illinois Central on May 30, 2024, and has been cleared to return to work at Illinois Central. (*See* Doc. 43, p. 1). Illinois Central filed a Reply (Doc. 44) in which they argue that a second vocational rehabilitation interview is required because "Defendant is unable to determine the nature and extent of the alleged wage loss, the nature of the alleged loss of earning capacity, and confirm the veracity of Plaintiff's vocational rehabilitation expert's opinions." (Doc. 44, pp. 2–3).

"Rule 35 grants courts the discretionary authority to 'order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.'" *Bamberger v. United Nat. Foods Inc.*, No. 21-CV-18-ACR-ZMF, 2023 WL 2424596, at *3 (D.D.C. Mar. 9, 2023) (quoting Fed. R. Civ. P. 35(a)(1)). "The 'order' may only be issued 'on motion for good cause' and after 'notice to all parties and the person to be examined.'" *Id.* (quoting Fed. R. Civ. P. 35(a)(2)(A)). Notably, "Rule 35's requirement for good cause imposes a higher standard than other discovery provisions." *Id.* (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 117–18 (1964)).

Other district courts have determined that "good cause is not established 'when other and adequate evidence is available for a vocational expert's review.'" *Id.* at *4 (citing *Storms v. Lowe's Home Ctrs., Inc.*, 211 F.R.D. 296, 298 (W.D. Va. 2002)); *see Shumaker v. West*, 196 F.R.D. 454 (S.D.W. Va. 2000); *In re Falcon Workover Co.*, 186 F.R.D. 352 (E.D. La. 1999); *Rye v. Castillo*, No. 1:16-0061, 2021 WL 5054104 (M.D. Tenn. Nov. 1, 2021) (citing *Conforti v. St. Joseph's Healthcare System, Inc.*, Civ. Case No. 217-cv-00050, 2020 WL 365100, at *3 (D.N.J. Jan. 22, 2020)). "Adequate evidence includes a plaintiff's medical records, deposing a plaintiff, and records from a plaintiff's VRE." *Bamberger* at *4 (citing *Stanislawski v. Upper River Servs., Inc.*, 134 F.R.D. 260, 262 (D. Minn. 1991); *Storms*, 211 F.R.D. at 298; *Soudelier v. Tug Nan Servs., Inc.*, 116 F.R.D. 429, 430 (E.D. La. 1987)).

Here, Plaintiff Barrett has complied with Defendant Illinois Central's discovery requests without necessity of a court order; has been examined by a physician selected by Illinois Central; has had a return-to-work physical conducted

on behalf of Illinois Central; and has been examined by his own vocational expert. Moreover, Illinois Central has already deposed Plaintiff Barrett's vocational rehabilitation expert. (*See* Doc. 44, p. 2). Illinois Central has not indicated that they are unable to obtain Plaintiff Barrett's medical records or the results of Plaintiff Barrett's vocational rehabilitation interview. Therefore, the Court does not find that good cause exists to compel Plaintiff Barrett to submit to a vocational rehabilitation interview arranged by Illinois Central, as adequate evidence exists and is available.

CONCLUSION

For the reasons set forth above, Defendant Illinois Central Railroad Company's Motion for Vocational Rehabilitation Interview (Doc. 41) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 20, 2024**

                                                  *s/ Stephen P. McGlynn*
                                                  **STEPHEN P. McGLYNN**
                                                  **U.S. District Judge**